UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO, WESTERN DIVISION

| | |
|---|---|
| BOARD OF COMMISSIONERS OF SENECA COUNTY, OHIO, on behalf of SENECA COUNTY, OHIO, on behalf of itself and all others similarly situated, | Case No. |
| Plaintiff, | (related N.D. Ohio Case Nos. 1:12-cv-2195 and 5:12-cv-2031) |
| vs. | |
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, a federally chartered private corporation; FEDERAL HOME LOAN MORTGAGE CORPORATION, a federally chartered private corporation, and FEDERAL HOUSING FINANCE AGENCY, as conservator for FEDERAL NATIONAL MORTGAGE ASSOCIATION and FEDERAL HOME LOAN MORTGAGE CORPORATION, | **CLASS ACTION COMPLAINT**  **JURY TRIAL DEMANDED** |
| Defendants. | |

Plaintiffs complain of Defendants as follows:

## **PARTIES**

1. Plaintiff is the Board of Commissioners for Seneca County, Ohio, on behalf of Seneca County, Ohio and all other similarly situated counties in Ohio ("Plaintiff"). Ohio Rev. Code § 305.12 authorizes the Board of Commissioners of each county to sue and be sued for the collection of "any money or other property due the county"; furthermore, Ohio Rev. Code § 322.04 permits any county that has enacted the County Excise Tax "by proper suit, action, or proceeding in any court of competent jurisdiction [to] recover the amount of such taxes due the county and not paid to the county at the time" the deed is delivered. Plaintiff is therefore authorized by law to bring this action to collect monies due to it but unpaid.

2. Defendant Federal National Mortgage Association ("Fannie Mae") is a private, for-profit, corporation with its principal place of business in Washington, D.C., doing business in Seneca County, Ohio, as well as nationally, and is subject to the jurisdiction of this Court.

3. Defendant Federal Home Loan Mortgage Corporation ("Freddie Mac") is a private, for-profit, corporation with its principal place of business in McLean Virginia, doing business in Seneca County, Ohio, as well as nationally, and is subject to the jurisdiction of this Court.

4. Defendant Federal Housing Finance Agency ("FHFA") is a federal agency created on July 30, 2008, to act as conservator of Fannie Mae and Freddie Mac.  12 U.S.C., §4617 et seq. FHFA has its principal place of business in Washington, D.C., is acting as conservator for Fannie Mae and Freddie Mac, is doing business in Seneca County, Ohio, as well as nationally, and is subject to the jurisdiction of this Court.

## **JURISDICTION AND VENUE**

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiff and Defendants, and the amount in controversy exceeds $5,000,000, exclusive of interests and costs.

6. This Court also has jurisdiction over this action under 12 U.S.C. § 1452(f)(2) ("all civil actions to which the [Freddie Mac] is a party shall be deemed to arise under the laws of the United States, and the district courts of the United States shall have original jurisdiction of all such actions, without regard to amount or value").

7. Plaintiff is located in this judicial district.

8. Defendants do business in this judicial district, which makes them subject to, among other reasons, jurisdiction in this Court pursuant to Ohio Rev. Code § 2307.382 (Ohio's Long Arm Statute), Fed.R.Civ.P. 4, and 28 U.S.C. § 115(b)(2).

CLASS ACTION COMPLAINT

9.  Plaintiffs' claims arise out of Defendants' activities in this judicial district.

10. Venue is proper in this district under, among other bases, 28 U.S.C. § 1391 and this Court's Rules on venue.

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action on its own behalf and, pursuant to Fed.R.Civ.P. 23, on behalf of a class defined as including any and all counties in Ohio that have recorded a deed to or from Defendants Fannie Mae or Freddie Mac, or on Defendant Fannie Mae's or Freddie Mac's behalf, for which recording taxes are owed pursuant to Ohio Rev. Code § 319.54(G)(3), and Ohio Rev. Code § 322.02 ("Excise Taxes") from 2002 to the present, and where the Excise Taxes have not been paid and are not being paid by Defendants.

12. The total number of class members is believed to include all 88 counties in the State of Ohio.

13. The members of the class are so numerous that joinder of all members is impracticable.

14. The question of law and fact common to the class is whether Defendants Fannie Mae and Freddie Mac qualify for the exemptions they claim from paying the Excise Taxes.

15. The claims of Plaintiff and the absent class members have a common origin and share a common basis.

16. Plaintiff's claim and the claims of the absent class members originate from the same practice by Defendants Fannie Mae and Freddie Mac, and Defendants act in the same way toward Plaintiff and the members of the class.

17. Plaintiff and each absent class member have been victims of Defendants' actions.

18. Plaintiff's claim is typical of the claim of absent class members.

19. If brought individually, the claim of each class member would necessarily require proof of the same material and substantive facts and seek the same remedies as Plaintiff's claim.

20. Plaintiff is willing and prepared to serve the Court and the proposed class in a representative capacity.

21. Plaintiff will fairly and adequately protect the interest of the class and has no interest adverse to, or which directly and irrevocably conflicts with, the interests of other members of the class.

22. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because individual claims by the class members are impractical as the costs of prosecution may exceed what some class members have at stake.

23. To the extent there is a separate action already filed by one or more class members, members may opt out of this class action and pursue their separate claims, as may any class member who so chooses to opt out after receiving notice.

### PLAINTIFF'S CLAIM

24. At all times relevant to this action, Ohio law has provided for two county excise taxes, both of which are to be paid by the grantor of a real property deed prior to presentation of the deed for recordation. First, Ohio Rev. Code § 319.54(G)(3) requires the payment of an excise tax of ten cents ($0.10) for each one hundred dollars ($100), or fraction thereof, of the value of the real property transferred. This first excise tax is mandatory in all counties in the state of Ohio. Second, Ohio Rev. Code § 322.02 permits each Ohio county, by resolution adopted by the Board of County Commissioners of the County, to enact a "real property transfer tax on each deed conveying real property or any interest in real property located wholly or partially within the boundaries of the county" in order to "pay[] the costs of enforcing and administering the tax and provid[e] additional general revenue for the county." This second excise tax is capped at thirty cents ($0.30) per one hundred dollars ($100), or fraction thereof, of the value of the real property transferred. Plaintiff enacted a

CLASS ACTION COMPLAINT

county excise tax pursuant to Ohio Rev. Code § 322.02, which excise tax has been in force at all times relevant to this action. In law and in fact, these two Excise Taxes are excise taxes paid for the privilege of recording realty transfers in the counties of Ohio.

25. Defendants Fannie Mae and Freddie Mac have been parties to thousands of transactions conveying real property or interests in real property, and for which Defendants Fannie Mae and Freddie Mac, or a person or persons by their direction, have filed and recorded, or caused to be filed and recorded, deeds with the counties of Ohio.

26. The Excise Taxes are applicable to Fannie Mae and Freddie Mac, and said Defendants owe the full amount of all Excise Taxes for each and every deed recorded in every county in Ohio.

27. Defendants Fannie Mae and Freddie Mac have wrongfully failed and refused to pay the Excise Taxes as required by law.  As a proximate result, Plaintiff and each absent class member have been damaged.  Among other things, Plaintiff and each absent class member is entitled to the Excise Tax monies that should have been paid on each deed recording transaction, and including in addition a penalty of ten per cent of the amount of such taxes and a fine of not less than one hundred nor more than one thousand dollars for each transaction pursuant to Ohio Rev. Code §§ 322.04 and 322.99.

28. Claims by Defendants Fannie Mae and Freddie Mac that they are exempt from the Excise Taxes because they are agencies, departments, or instrumentalities of the United States were either negligent, intentional, or intended to defraud, and Plaintiff and the absent class members are also entitled to any and all additional penalties for such conduct as are prescribed by Ohio statute and law.

### NO FEDERAL OR STATE EXEMPTION IS APPLICABLE

29. First, Defendants Fannie Mac and Freddie Mac have claimed on the face of the documents

-5-

they have recorded, or caused to be recorded, that the transaction is exempt from the Excise Taxes.  They claim the transaction is exempt because they are instrumentalities of the United States and that, under Ohio law, instrumentalities of the United States are exempt from paying the Excise Taxes. See, *e.g.*, Exhibit A. Second, Fannie Mae and Freddie Mac have also claimed that they are exempt, as to transfers to them from the mortgagor, because that transfer is made in order to release a security for a debt obligation or because no money or other valuable consideration was paid. Third, Defendants have also been known to claim they are exempt pursuant to federal law.

30. No claimed exemption, federal or state, applies.  Defendants Fannie Mae and Freddie Mac have both been  private stock, publicly traded corporations since at least March 31, 2003, and are presently listed for trading as Freddie Mac (OTC: FMCC) and Fannie Mae (common stock) (OTC BB: FNMA). Because Fannie Mae and Freddie Mac are not and have not been agencies, departments, or instrumentalities of the United States at any relevant time, their claims of that exemption under Ohio law are without merit.

31. Fannie Mae and Freddie Mac are not government-sponsored entities and have not existed by reason of any federal charters at any relevant time.

32. As to the second claimed exemption, Fannie Mae and Freddie Mac have acted on the guarantee and made the lending institution whole in the transaction. Therefore, the transaction remains taxable. Moreover, the transaction has not been made solely in order to release a security for a debt or obligation; the transaction has been made to transfer title of the property to the guarantor. Therefore, Defendants claims of that exemption under Ohio law are also without merit

33. With regard to the third claimed exemption pursuant to federal law, an Excise Tax can be imposed by state law on a non-federal-instrumentality in the face of a federal statute

asserting the "exempt from all taxation" language. Therefore, Defendants claims of the federal law exemption are without merit.

34. FHFA, as conservator, stands in the shoes of Fannie Mae and Freddie Mac as those entities existed at the time that FHFA became Conservator.  Accordingly, FHFA is not entitled to any federal or state statutory exemption.

35. Defendant FHFA is responsible for the acts of Defendants Fannie Mae and Freddie Mac. Plaintiffs seek judgment against Defendant FHFA.

## **FIRST CLAIM FOR RELIEF: DECLARATORY JUDGMENT**

36. Plaintiff hereby reallages and incorporates each preceding and succeeding paragraph as though fully set forth herein.

37. There is an actual controversy between the Plaintiff and the proposed Class on the one hand, and the Defendants on the other, in that the Defendants continue to claim that they are exempt from the payment of the Excise Taxes.

38. It is in the public interest to have the rights of the parties with regards to the payment of the Excise Taxes determined because the declaratory judgment will terminate and afford relief from uncertainty, insecurity, and controversy giving rise to this proceeding.

39. Pursuant to 28 U.S.C. § 2201, Plaintiff seeks to obtain a non-pecuniary benefit for the Plaintiff and the proposed Class in the form of a declaratory judgment that the Defendants are not exempt from payment of the Excise Taxes under state and/or federal law. Counsel for the Plaintiff are entitled to recover their reasonable attorneys' fees and expenses as a result of the conferral of a non-pecuniary benefit on behalf of the proposed Class, and it will seek an award of such fees and expenses at the appropriate time.

40. Plaintiff and the proposed Class are also entitled to further relief under 28 U.S.C. § 2202, including payment to them of the Excise Taxes not paid by Defendants, together with any

statutory penalties and interest. Such relief is necessary and proper to the declaratory relief sought.

41. All conditions precedent to this cause of action have occurred, have been satisfied, or have been waived.

### SECOND CLAIM FOR RELIEF: NON-PAYMENT OF EXCISE TAXES DUE

42. Plaintiff hereby reallages and incorporates each preceding and succeeding paragraph as though fully set forth herein.

43. Defendants Fannie Mae and Freddie Mac have been the grantors and grantees in thousands of real estate transactions in Ohio in which they have recorded, or caused to be recorded documents or transfers with the pertinent Ohio county, such as Plaintiff herein, and have not paid the required Excise Taxes.

44. Defendants have claimed several exemptions under state and federal law, but none of those exemptions apply.

45. Defendants Fannie Mae and Freddie Mac have failed to pay the Excise Taxes as required by Ohio law. As a proximate result, Plaintiff and the Class have been damaged. Among other things, Plaintiff and the Class are entitled to payment of all Excise Taxes that should have been paid and interest for failure to pay the Excise Taxes pursuant to Ohio law.

46. The claim by Defendants Fannie Mae and Freddie Mac that they are exempt from the Excise Taxes was negligent, intentional, wanton, and/or intended to defraud the Plaintiff and the Class, and as such, Plaintiff and the Class are entitled to any penalties and interest as prescribed under Ohio law.

47. Defendant FHFA is the Conservator of Defendants Fannie Mae and Freddie Mac. To the extent that Defendant FHFA is responsible for the acts of Defendants Fannie Mae and Freddie Mac, Plaintiffs seek judgment against FHFA.

CLASS ACTION COMPLAINT

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays for the following relief on behalf of itself and the proposed Class:

A. That the Court certify the matter as a class action pursuant to the provisions of subsection (b)(2) and/or (b)(3) of Fed. R. Civ. P. 23, order that notice be provided to all class members, and appoint Plaintiff as the class representative and undersigned counsel as counsel for the class;

B. That the Court enter judgment declaring that the practices complained of herein are in violation of law and that Defendants are subject to payment of the Excise Taxes and are not exempt therefrom;

C. That the Court enter judgment enjoining the Defendants from engaging in the practice complained of herein, to wit, claiming any exemption from the Excise Taxes;

D. That the Court enter judgment awarding the Plaintiff and the proposed Class damages equal to the transfer taxes not paid, plus a penalty of ten percent (10%) of the amount of the fees and taxes not paid;

E. That the Court enter judgment awarding the Plaintiff and the proposed Class prejudgment interest and reasonable attorney's fees and costs; and

F. That the Court order such further relief as is equitable and just.

**JURY TRIAL DEMAND**

Plaintiff hereby demands, on behalf of itself and the proposed Class, that a jury decide all factual issues in this case.

-9-
CLASS ACTION COMPLAINT

1 DATED: September 19, 2012

2 Respectfully submitted,

3

/s/ Mark H. Troutman

4 Mark Landes (0027227)
Mark H. Troutman (0076390)

5 **Isaac, Brant, Ledman & Teetor LLP**
250 E. Broad Street, Suite 900

6 Columbus, Ohio 43215-3742

7 Tel: (614) 221-2121
Fax: (614) 365-9516

8 ml@isaacbrant.com
mht@isaacbrant.com

9

10 Of Counsel:

11 Don Springmeyer
(pro hac to be applied for)

12 Jonathan H. Waller
(pro hac to be applied for)

13 **Wolf, Rifkin, Shapiro, Schulman &
Rabkin, LLP**

14 3556 E. Russell Road, 2nd Floor
Las Vegas, Nevada 89120

15 Tel:(702) 341-5200
Fax: (702) 341-5300

16 dspringmeyer@wrslawyers.com
jwaller@wrslawyers.com

17
                                                                    *Attorneys for Plaintiff*
18

19

20

21

22

23

24

25

26

27

28

CLASS ACTION COMPLAINT

EXHIBIT A

DTE FORM 100(EX)
Revised 12/98

**STATEMENT OF REASON FOR EXEMPTION FROM REAL PROPERTY CONVEYANCE FEE**

Revised Code Sections 319.202 and 319.54 (F) (3)

Dayton Legal Blank, Inc., Form No. 16059 (2pt)

TYPE OR PRINT ALL INFORMATION

**FOR COUNTY AUDITOR'S USE ONLY**

| | | | Date *12/22/05* | Co. No. *74* | Number |
|---|---|---|---|---|---|
| Instr. *Sheriff* | Tax Dist. No. *3014* | Tax List | Land | Bldg. | |
| | | | | | Tot. |

D.T.E CODE NO. *570*

Property Located in *Fostoria Corp* _____ Taxing District
Name of Tax Duplicate *Seel Peggy* _____
Acct. or Permanent Parcel No. *P51-01-080288-00-00* _____ Tax Duplicate Year *2004*
Description: _____ Map Book *DEC* Page *2005*

☐ Split/New Plat   Remarks: _____

*pt NW 1/4 SW 1/4*
*60.67 X 160 Sec 31*

Seneca County Auditor

**FOLLOWING MUST BE COMPLETED BY GRANTEE OR HIS REPRESENTATIVE**

1. Grantor's Name *Peggy J. Seel, et al* _____ Phone Number _____
2. Grantee's Name *Federal Home Loan Mortgage Corporation* Phone Number _____
   Grantee's Address *8200 Jones Branch Drive Mail Stop 202, McLean VA 22102*
3. Address of Property *1255 North Union Street, Fostoria OH 44830*
4. Tax Billing Address *8200 Jones Branch Drive Mail Stop 202 McLean VA 22102*
5. No Conveyance fees shall be charged because the real property is transferred:

_X_(a) To or from the United States, this state, or any instrumentality, agency, or political subdivision of the United States or this state;
___(b) Solely in order to provide or release security for a debt or obligation;
___(c) To confirm or correct a deed previously executed and recorded;
___(d) To evidence a gift, in any form, between husband and wife, or parent and child or the spouse of either;
___(e) On sale for delinquent taxes or assessments;
___(f) Pursuant to court order, to the extent that such transfer is not the result of a sale effected or completed pursuant such order;
___(g) Pursuant to a reorganization of corporations or unincorporated associations or pursuant to the dissolution of a corporation, to the extent that the corporation conveys the property to a stockholder as a distribution in kind of the corporation's assets in exchange for the stockholder's shares in the dissolved corporation;
___(h) By a subsidiary corporation to its parent corporation for no consideration, nominal consideration, or in sole consideration of the cancellation or surrender of the subsidiary's stock;
___(i) By lease, whether or not it extends to mineral or mineral rights, unless the lease is for a term of years renewable forever;
___(j) When the value of the real property or interest in real property conveyed does not exceed one hundred dollars;
___(k) Of an occupied residential property being transferred to the builder of a new residence when the former residence is traded as part of the consideration for the new residence;
___(l) To a grantee other than a dealer in real property, solely for the purpose of and as a step in, its prompt sale to others;
___(m) To or from a person when no money or other valuable and tangible consideration readily convertible into money is paid or to be paid for the real estate and the transaction is not a gift;
___(n) To an heir or devisee, between spouses or to a surviving spouse, from a person to himself and others, to a surviving tenant, or on the death of a registered owner;
___(o) To a trustee acting on behalf of minor children of the deceased;
___(p) Of an easement or right-of-way when the value of the interest conveyed does not exceed one thousand dollars;
___(q) Of property sold to a surviving spouse pursuant to section 2106.16 of the Revised Code;
___(r) To or from an organization exempt from federal income taxation under section 501(c)(3) of the Internal Revenue Code, provided such transfer is without consideration and is in furtherance of the charitable or public purpose of such organization;
___(s) Among the heirs at law or devisees, including a surviving spouse of a common decedent, when no consideration in money is paid or to be paid for the real property;
___(t) To a trustee of a trust, when the grantor of the trust has reserved an unlimited power to revoke the trust;
___(u) To the grantor of a trust by a trustee of the trust, when the transfer is made to the grantor pursuant to the exercise of the grantor's power to revoke the trust or to withdraw trust assets;
___(v) To the beneficiaries of a trust if the fee was paid on the transfer from the grantor of the trust to the trustee or pursuant to trust provisions that became irrevocable at the death of the grantor;
___(w) To a corporation for incorporation into a sports facility constructed pursuant to section 307.696 [307.69.6] of the Revised Code.

6. Has the grantor indicated that this property is entitled to receive the senior citizen, disabled person, or surviving spouse homestead exemption for the preceding or current tax year. ☐ YES ☒ NO. If yes, complete DTE Form 101.

7. Has the grantor indicated that this property is qualified for current agricultural use valuation for the preceding or current tax year? ☐ YES ☒ NO. If yes, complete DTE Form 102.

8. Application For 2 1/2% Reduction (NOTICE: failure to complete this application prohibits the owner from receiving this reduction until another proper and timely application is filed): Will this property be grantee's principal residence by January 1 of next year? ☐ YES ☒ NO. If yes, is the property a multi-unit dwelling? ☐ YES ☒ NO.

I declare under penalties of perjury that this statement has been examined by me and to the best of my knowledge and belief is a true, correct and complete statement.

*Daniel M. Spirko /SLS* _____   *December 9, 2005*

SIGNATURE OF GRANTEE OR REPRESENTATIVE   DATE   AUDITOR'S COPY